UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

RAMIRO ORTA,

    Plaintiff

v.

CALIBURN INTERNATIONAL (formerly
d/b/a COMPREHENSIVE HEALTH SERVICES,
LLC),

    Defendant.

_____/

CASE NO.: _____

*Plaintiff Demands a Trial by Jury*

## COMPLAINT

Plaintiff, RAMIRO ORTA, by and through his counsel, SW Law Group, PLLC, hereby respectfully files this Complaint against Defendants CALIBURN INTERNATIONAL (formerly d/b/a COMPREHENSIVE HEALTH SERVICES, LLC. Upon information and belief, Plaintiff alleges as follows:

## NATURE OF CASE

1. Plaintiff complains pursuant to 42 U.S.C., Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991), Pub. L. No. 102-166 ("Title VII"); and the Florida Civil Rights Act of 1992, Section 760.10 *et seq.* ("FCRA"). Plaintiff seeks damages to redress the injuries Plaintiff suffered due to Defendant's gender discrimination, sexual harassment, hostile work environment and retaliation against Plaintiff.

2. This action is to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination against Plaintiff because of his gender, sexual harassment, a hostile work environment, and Defendant's retaliation against Plaintiff, which caused mental, emotional, and financial damage to Plaintiff.

## JURISDICTION AND VENUE

3. This is an action for monetary damages and injunctive relief pursuant to Title VII, 42 U.S.C. §1981, and FCRA §760.10.

4. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII.

5. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because Plaintiff is located in this judicial district, Defendant does business in this judicial district, and a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PROCEDURAL REQUIREMENTS

7. Plaintiff has complied with all statutory prerequisites to file this action.

8. On or about December 3, 2019, Plaintiff dual filed his charge with the Equal Employment Opportunity Commission ("EEOC"), Charge number 510-2019-06386. An EEOC filing automatically operates as a dual FCHR filing.

9. On or around April 27, 2021, the EEOC's Right to Sue Letter pursuant to his EEOC charge was executed. Plaintiff received the EEOC's Right to Sue Letter shortly thereafter.

10. Plaintiff's Complaint is being filed within ninety (90) days of Plaintiff's receipt of the EEOC's Right to Sue letter.

## PARTIES

11. At all material times, Plaintiff Ramiro Orta (hereinafter referred to as "Plaintiff" or "Mr. Orta") is an individual man who is a resident of Miami-Dade County, Florida.

12. At all material times, Defendant CALIBURN INTERNATIONAL (formerly d/b/a COMPREHENSIVE HEALTH SERVICES, LLC) (hereinafter "Defendant" or "Caliburn") is a For-Profit Corporation doing business in the State of Florida.

13. Defendant is an employer as defined by all laws under which this action is brought and employs the requisite number of employees.

14. Mr. Orta was Defendant's employee for all relevant times material hereto.

## STATEMENT OF FACTS

15. In or around March 2018, Defendant hired Plaintiff as a Shift Supervisor.

16. Kathy Carvajal (hereinafter "Carvajal") was Plaintiff's direct supervisor throughout the majority of Plaintiff's employment with Defendant. Carvajal was in a romantic relationship with another woman who worked for Defendant in their Human Resources Department.

17. Mr. Orta was next in line to become a "Site Leader/ Manager" for quite some time and was hopeful when six (6) "Site Leader/ Manager" positions opened, but he was continually passed over for female employees who, except for one, had less experience and were generally less qualified than Mr. Orta.

18. Respondent even brought employees from Texas to fill the position over choosing Claimant for the position he had long since earned. All those employees were unsuccessful and sent back to Texas after a short period of time attempting to conduct the duties of "Site Leader/ Manager."

19. Yet, Mr. Orta was never promoted to "Site Leader/ Manager" even though he was only the third person at the site to have been promoted within their first year of employment and was promoted two times in a matter of months.

20. Previously, Mr. Orta had been promoted to Supervisor, then to Manager. Mr. Orta fulfilled both the duties in the Supervisor and Manager positions satisfactorily.

21. When Plaintiff was forced to discipline employees, rather than being rude or aggressive, Mr. Orta utilized the progressive disciplinary system in place at Respondent's site. Unfortunately, when it came to Mr. Orta's punishment, he was not afforded the same right.

22. On or about September 12, 2019, Plaintiff's employment with Defendant was suspended.

23. Defendant claims Plaintiff's suspension was a result of "allegations of misconduct" and "reports of aggressive behavior", but Defendant's own investigation revealed there were no merits to those claims and that the suspension was not justified.

24. In fact, the investigator refused to consider six (6) reports because they were word for word identical to one another. Respondent alludes to the colluded reports in their admission that they gave "credence" because "some personnel with whom [Mr. Orta] had interpersonal conflicts may have exacerbated the situation in an effort to help translate reports of the event."

25. Though, the reports were not inaccurate as a result of translation issues, but rather due to personnel writing on a white board what those employees should report and other employees following orders given to them by their superiors.

26. Another employee called out of work the following day when the falsified reports were written. That employee was guilty of the "rude and aggressive" behavior Defendant wrongly accused Plaintiff of as that employee physically hit a subordinate employee.

27. Some of Defendant's employees honestly admitted in their reports to Defendant's investigator that they witnessed the guilty employee hitting a subordinate, but other employees were fearful of retaliatory actions if they did not follow their boss's instructions and falsely accuse Mr. Orta of hitting the employee when he did no such thing.

28. During that incident, Mr. Orta acted appropriately and followed instructions.

29. Mr. Orta was instructed to wake sleeping employees up, which he did calmly and verbally. He appropriately sent those employees home for sleeping on the job.

30. Supervisors working with Mr. Orta attempted to enlist others to file reports on Mr. Orta when they learned he was complaining about the unlawful behavior that Mr. Orta was forced to endure daily.

31. Aside from false reports that came to light during Defendant's "investigation", Plaintiff had no disciplinary issues during his employment with Defendant.

32. When Plaintiff returned from his suspension, he learned another manager was sharing his booking photograph from his prior arrest with other employees and erroneously informing other employees that Plaintiff is part of the Mexican cartel.

33. On or about October 14, 2019, Plaintiff was unlawfully terminated by Defendant.

34. Defendant pre-textually claimed that Plaintiff was terminated due to his prior arrest showing up in a background check; however, Defendant was already aware of Plaintiff's prior arrest when Plaintiff was hired. Plaintiff has e-mails with Defendant where that prior arrest was discussed and deemed to not be an issue for Plaintiff's employment with Defendant.

35. Defendant's termination of Plaintiff's employment constitutes an adverse employment action and was done in retaliation for Plaintiff's complaints of discrimination.

36. Mr. Orta made numerous complaints of the discrimination and harassment he and others faced at the hands of Defendant, but rather than addressing the issue, Defendant retaliated against Claimant.

37. Mr. Orta complained to every person who filled the "Director" position while he was employed with Defendant.

38. Plaintiff also complained to his direct supervisor.

39. When none of Plaintiff's complaints were addressed, Mr. Orta wrote directly to Defendant's Chief Executive Officer ("CEO"). Plaintiff and Camacho were separated for some time, but that did not last and they were returned to work together again, which gave Camacho and other employees of Defendant the opportunity to continue to target and harass Plaintiff. They took full advantage of that opportunity.

40. Throughout Plaintiff's employment with Defendant, Defendant was aware that Plaintiff held another job with an unrelated employer. As another way to retaliate against Plaintiff, Defendant would keep Plaintiff overnight or extra hours that exceeded shifts any other employee was forced to work so that Plaintiff would be late or unable to perform at his second job.

41. The above are just some examples of the unlawful actions of the Defendant.

42. Plaintiff was discriminated against for his gender, subjected to sexual harassment and a hostile work environment and retaliated against in violation of Title VII of the Civil Rights Act of 1964 and the FCRA.

43. Mr. Orta suffered numerous damages because of Defendant's unlawful actions.

44. Mr. Orta has experienced depression, anxiety, and severe stress as a result of Defendant's actions.

45. Plaintiff worked contemporaneously with Northwestern Mutual as Plaintiff has over fifteen (15) years of experience in the banking industry. Mr. Orta was unable to pass an exam for his employment with Northwestern Mutual due to the stress inflicted by Defendant and manipulation of Plaintiff's hours with Defendant. This resulted in Plaintiff's loss of his job with Northwestern Mutual.

46. Mr. Orta also lost financial opportunities in being passed over for promotions he was qualified for and could satisfactorily perform due to Defendant's unlawful treatment of him.

47. Through Defendant's unlawful and retaliatory termination of Plaintiff, Plaintiff lost the compensation and benefits from his employment with Defendant.

48. As an act of further retaliation, Defendant fought Plaintiff during his attempts to obtain unemployment benefits. Plaintiff appealed the ultimate denial of benefits and won.

## COUNT I: GENDER DISCRIMINATION
## UNDER TITLE VII

49. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all previous paragraphs herein; specifically, paragraphs 15-48.

50. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2. [Section 703] states in relevant part as follows:

    > Employer Practices; it shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her/his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

51. Defendant discriminated against and harassed Plaintiff so pervasively as to constitute a modification in the terms and conditions of his employment. Defendant further denied Plaintiff numerous promotions he was qualified for and instead promoted others who were less qualified and who hadn't worked for Defendant as long.

52. Further, Plaintiff's hours were manipulated, which negatively impacted Plaintiff's performance at his job with Defendant as well as at his second job. Plaintiff was regularly kept long hours and forced to work over the number of hours that any other employees were working.

53. Defendant discriminated against and harassed Plaintiff so severely as to cause Plaintiff depression, anxiety, and extreme stress.

54. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of his gender.

55. The discrimination and retaliation created a workplace that constituted a hostile work environment.

56. The Defendant's conduct constitutes unlawful discrimination under the Act, and such actions were willful and malicious and, as a direct and proximate result of the Defendant's unlawful and discriminatory conduct, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:

    a) Damage to reputation, confidence and self-esteem;

    b) Loss of past and future income;

    c) Loss of future earning capacity;

    d) Loss of other fringe benefits;

    e) Stress, anxiety and emotional distress;

    f) Significant past and future pain and suffering; and

    g) Other financial losses.

57. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation.

**WHEREFORE**, Plaintiff requests that judgment be entered against the Defendant for damages, including compensatory, consequential, punitive, and all equitable relief, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

### COUNT II: RETALIATION
### UNDER TITLE VII

58. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all previous paragraphs herein; specifically, paragraphs 15-48.

59. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> (1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

60. Defendant discriminated against and harassed Plaintiff so pervasively as to constitute a modification in the terms and conditions of his employment. Defendant further denied Plaintiff numerous promotions he was qualified for and instead promoted others who were less qualified and who hadn't worked for Defendant as long.

61. Further, Plaintiff's hours were manipulated, which negatively impacted Plaintiff's performance at his job with Defendant as well as at his second job. Plaintiff was regularly kept long hours and forced to work over the number of hours that any other employees were working.

62. Defendant discriminated against and harassed Plaintiff so severely as to cause Plaintiff depression, anxiety, and extreme stress.

63. Plaintiff made numerous complaints of the unlawful treatment; however, those attempts for assistance only resulted in further discriminatory treatment, harassment, and exposure to a hostile work environment.

64. Defendant never took any successful or long-lasting corrective action.

65. Defendant engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq*. by retaliating against Plaintiff with respect to the terms, conditions, or privilege of employment because of his complaints of discrimination and harassment based on his gender.

66. The discrimination and retaliation created a workplace that constituted a hostile work environment.

67. The Defendant's conduct constitutes unlawful retaliation under the Act, and such actions were willful and malicious and, as a direct and proximate result of the Defendant's unlawful

and discriminatory conduct, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:

  a) Damage to reputation, confidence and self-esteem;
  b) Loss of past and future income;
  c) Loss of future earning capacity;
  d) Loss of other fringe benefits;
  e) Stress, anxiety and emotional distress;
  f) Significant past and future pain and suffering; and g. Other financial losses.

68. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation.

**WHEREFORE**, the Plaintiff requests that judgment be entered against the Defendant for damages, including compensatory, consequential, punitive, and all equitable relief, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

### COUNT III: FCRA §760.10
### DISCRIMINATION

69. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all previous paragraphs herein; specifically, paragraphs 15-48.

70. Florida Statute Section 760.10(1)(a) provides that: "[i]t is an unlawful employment practice for an employer…to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status."

71. Defendant discriminated against and harassed Plaintiff so pervasively as to constitute a modification in the terms and conditions of his employment. Defendant further denied Plaintiff numerous promotions he was qualified for and instead promoted others who were less qualified and who hadn't worked for Defendant as long.

72. Further, Plaintiff's hours were manipulated, which negatively impacted Plaintiff's performance at his job with Defendant as well as at his second job. Plaintiff was regularly kept long hours and forced to work over the number of hours that any other employees were working.

73. Defendant discriminated against and harassed Plaintiff so severely as to cause Plaintiff depression, anxiety, and extreme stress.

74. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of his gender regarding discharge, employee compensation, and other terms, conditions, and privileges of employment.

75. Defendant violated the FCRA by unlawfully discriminating against and harassing Plaintiff.

76. The discrimination and retaliation created a workplace that constituted a hostile work environment.

77. The Defendant's conduct constitutes unlawful retaliation under the Act, and such actions were willful and malicious and, as a direct and proximate result of the Defendant's unlawful and discriminatory conduct, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:

    a) Damage to reputation, confidence and self-esteem;
    b) Loss of past and future income;
    c) Loss of future earning capacity;

    d) Loss of other fringe benefits;

    e) Stress, anxiety and emotional distress;

    f) Significant past and future pain and suffering; and g. Other financial losses.

78. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation.

**WHEREFORE**, the Plaintiff requests that judgment be entered against the Defendant for damages, including compensatory, consequential, punitive, and all equitable relief, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

### COUNT IV: RETALIATION
### UNDER THE FCRA

79. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all previous paragraphs herein; specifically, paragraphs 15-48.

80. Defendant discriminated and retaliated against Plaintiff in the terms and conditions of his employment. Defendant further denied Plaintiff numerous promotions he was qualified for in retaliation for his lawfully having engaged in statutorily protected activity and as a result of his complaints of discrimination (among other actions as described above).

81. When Plaintiff complained of the unlawful discrimination and harassment, Plaintiff's treatment worsened, and he continued to be passed over for promotions.

82. Plaintiff was ultimately unlawfully terminated for a pretextual reason in retaliation for Plaintiff's complaints of the discrimination, harassment, and hostile work environment.

83. The discrimination and retaliation created a workplace that constituted a hostile work environment.

84. Defendant's conduct constitutes unlawful retaliation under the Act, and such actions were willful and malicious and, as a direct and proximate result of the Defendant's unlawful and discriminatory conduct, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:

    a) Damage to reputation, confidence and self-esteem;

    b) Loss of past and future income;

    c) Loss of future earning capacity;

    d) Loss of other fringe benefits;

    e) Stress, anxiety and emotional distress;

    f) Significant past and future pain and suffering; and

    g) Other financial losses.

85. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation.

**WHEREFORE**, the Plaintiff requests that judgment be entered against the Defendant for damages, including compensatory, consequential, punitive, and all equitable relief, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

### COUNT V: SEXUAL HARASSMENT
### UNDER TITLE VII

86. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all previous paragraphs herein; specifically, paragraphs 15-48.

87. Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*:

> "(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

88. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against and sexually harassing Plaintiff because of his gender/sex.

89. The sexually harassing and discriminatory conduct directed at Plaintiff was sufficiently severe and pervasive to unreasonably interfere with Plaintiff's physical and/or psychological health, work performance and to create and intimidating, hostile and offensive working environment.

90. Sexual harassment can constitute discrimination under Title VII. *See Johnson v. Booker T. Washington Serv., Inc.*, 234 F.3d 501, 508 (11th Cir. 2000). There are two main forms of sexual harassment: (1) "harassment that does not result in a tangible employment action"; and (2) "harassment that does result in a tangible employment action." *Id.*

91. "When the workplace is permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,' Title VII is violated." *Harris v. Forklift Sys. Inc.*, 510 U.S. 17, at 21 (1993) (quoting *Meritor* at 65, 67).

92. There's a requirement that the work environment be both objectively hostile – i.e. "an environment that a reasonable person would find hostile or abusive" – and subjectively hostile. *Harris*, at 21.

93. The harassment in this matter was both objectively and subjectively offensive. Mr. Orta found the environment to be offensive and it was such that a reasonable person would find offensive too – so much so that it altered the terms and conditions of Mr. Orta's employment with Respondent.

94. Mr. Orta witnessed other employees sexually harassing employees they supervise and was sexually harassed himself at the hands of supervisor Carvajal.

95. By way of example, Mr. Orta witnessed Carvajal say things such as "you just came from a booty call, I can tell by your face" and "you have all these girls chasing you, how many have you done?" to Mr. Orta. As a happily married professional, Mr. Orta found the comments to be offensive.

96. Mr. Orta complained about these comments, but his cries for relief were of no avail.

97. The sexual harassment created a workplace that constituted a hostile work environment.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

Dated: July 26, 2021

Respectfully submitted,
**SW LAW GROUP, PLLC**

_/s/ Sarah Waters_
By: Sarah Waters, Esq.
FL Bar No. 118496
6900 Bird Road, #558075
Miami, Florida 33255
Tel. (561) 299-0084
E-Mail: sarah@sw-lawgroup.com

17